UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────

№ 07-CV-3865 (JFB) (ARL)

───────────────

RHASHAUN BEEKS,

Plaintiff,

VERSUS

SHERIFF EDWARD REILLY, NASSAU COUNTY JAIL MEDICAL, AND KIM EDWARDS, R.N.,

Defendants.

───────────────

**ORDER ADOPTING REPORT AND RECOMMENDATION**
August 19, 2009

───────────────

JOSEPH F. BIANCO, District Judge:

Plaintiff *pro se* Rhashaun Beeks ("plaintiff" or "Beeks") brought this action pursuant to 42 U.S.C. § 1983 and New York State tort law against defendants Sheriff Edward Reilly, Nassau Health Care Corporation,[1] and Kim Edwards, R.N. (collectively, "defendants"), arising out of an injury plaintiff allegedly sustained on August 30, 2007, while he was incarcerated at the Nassau County Correctional Center.

By Order dated January 6, 2009, Magistrate Judge Lindsay ordered plaintiff to show cause as to why a recommendation of dismissal of the complaint for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, should not be made to the undersigned by February 6, 2009 (hereinafter, the "January Order"). After nearly four months had passed without any response from plaintiff, on May 27, 2009, Magistrate Judge Lindsay issued a Report and Recommendation (the "R&R") recommending that the Court should dismiss plaintiff's case without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. The R&R instructed plaintiff to submit any objection within ten days of service. Plaintiff has thus far not filed any objection. In fact, plaintiff has not taken any action in this case or communicated with the Court since March 2008. For the reasons set forth below, the Court adopts the R&R in its entirety and

───────────────

[1] The caption of plaintiff's complaint refers to NHCC as "Nassau County Jail Medical."

dismisses the instant action without prejudice pursuant to Rule 41(b).

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). "Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004); *see also Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion."). "[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives . . . ." *Yulle v. Barkley*, No. 9:05 Civ. 0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. City of N.Y.*, 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly

wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Under the circumstances, all of the above-referenced factors favor dismissal of the instant case. A careful review of the docket sheet indicates that plaintiff has not taken any action in this case or communicated with the Court in over sixteen (16) months, despite the Court's efforts to forward copies of its orders to plaintiff on the belief that he had been transferred to a new correctional facility. Moreover, plaintiff was warned in the January Order that failure to respond in a timely fashion would result in dismissal. He was further advised of his obligation to provide a current address with the Court. (*See* January Order, at 1; R&R at 1.) Plaintiff was also given "repeated opportunities" to "provide a current address and to engage in this litigation[.]" (R&R, at 1.) Nevertheless, plaintiff failed to comply with Magistrate Judge Lindsay's January Order and/or provide the Court with a valid mailing address.[2]

As further reflected by the docket sheet, plaintiff has had ample opportunity to be heard in this case and the opportunity to participate in discovery. Despite the Court's partial denial of defendants' motion to dismiss on August 21, 2008, plaintiff has taken no further action in this case or complied with Magistrate Judge Lindsay's Order. Although the Court is aware of no specific prejudice to the defendants because of this delay, no sanction less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open, and the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, dismissal for failure to prosecute and comply with the Court's orders is clearly warranted. However, under the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants by retaining open lawsuits with no activity.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the R&R in their entirety and dismisses the plaintiff's complaint without prejudice pursuant to Rule

---

[2] The court notes that parties have an obligation to notify the Court of a change in their address. *See Thomas v. Shaver*, No. 07-CV-3048 (KAM) (LB), 2009 WL 935706, at *2 (E.D.N.Y. Apr. 7, 2009); *see also Concepcion v. Ross*, No. 92-CV-0770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997). This rule applies with equal force to *pro se* litigants as it applies to represented parties. *See Thomas*, 2009 WL 935706 at *2; *see also Handlin v. Garvey*, No. 91-CV-6777 (AGS), 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that duty to inform court and defendants of current address is "an obligation that rests with all *pro se* plaintiffs"). "When a *pro se* litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, a court may deny that litigant relief." *Thomas*,

2009 WL 935706, at *2; *see also Dong v. United States*, No. 02-CV-7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing *pro se* litigant's action because the litigant failed to inform the court of his current address, causing the court to lose contact with him).

41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of the Court is directed to close this case.

       SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 19, 2009
      Central Islip, New York

       \* \* \*

Plaintiffs appear *pro se*. The attorneys for defendant Edward Reilly are Esther D. Miller and Liora M. Ben-Sorek of the Nassau County Attorney's Office, One West Street, Mineola, New York, 11501. Defendants Nassau County Health Care Corporation and Kim Edwards are represented by Edward J. Troy of the Law Office of Edward J. Troy, 44 Broadway, Greenlawn, New York, 11740.